IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTOR A. GRANA, § | | |
| SPN #00996844, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-17-2617 |
| § | | |
| SHERIFF ED GONZALEZ, *et al.*, § | | |
| § | | |
| Defendants. § | | |

## **MEMORANDUM AND ORDER**

The plaintiff, Victor A. Grana ("Grana"), also known as Victor A. Giama (SPN #00996844), is in currently custody of the Harris County Jail. Grana has filed a complaint under 42 U.S.C. § 1983, concerning the conditions of his confinement. Because he is incarcerated, the Court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize the pleadings and dismiss this case if it if frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A. After reviewing all of the pleadings as required, the Court concludes that this case must be dismissed for reasons that follow.

**I.     BACKGROUND**

Grana has filed this lawsuit against Harris County Sheriff Ed Gonzalez, Sergeant Ward, Officer Shelton, and all employees in the "Grievance Department" at

the Harris County Jail.[1] Grana claims that, due to budget cuts, Sheriff Gonzalez has denied him adequate access to a law library or to the "law cart" that distributes materials at the Jail.[2] He claims further that Ward, Shelton, and other officials have failed to adequately investigate the grievances he has filed about the lack of access to a law library.[3] He seeks injunctive relief and an order staying his impending criminal trial.[4] The Court concludes, however, that his complaint must be dismissed.

## II. DISCUSSION

### A. Access to the Law Library

Court records reflect that Grana has made nearly identical claims against Sheriff Gonzalez in two lawsuits previously filed in this district. *See Grana v. Roll*, *et al.*, Civil No. H-17-2453 (S.D. Tex.); *Grana v. Roll, et al.*, Civil No. H-17-2508 (S.D. Tex.). In both of those cases, Grana alleged that Sheriff Gonzalez had denied him access to the law library so that he could defend himself. One of those cases (Civil No. H-17-2453) has been dismissed for failure to articulate a viable claim.

---

[1] Complaint [Doc. # 1], at 3.

[2] *Id.* at 4.

[3] *Id.* at 3-4.

[4] *Id.* at 4.

A prisoner civil rights complaint is considered "malicious" for purposes of the PLRA if it duplicates allegations made in another federal lawsuit by the same plaintiff. *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam). To the extent that he complains about the lack of access to a law library, the allegations in Grana's pending civil rights complaint clearly duplicate those presented by him previously in other cases. Because Grana has made the same or similar claims in at least two prior lawsuits, the Court concludes that the pending complaint about lack of access to a law library is subject to dismissal as malicious under 28 U.S.C. § 1915A. *See, e.g., Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (duplicative claims may be dismissed *sua sponte*).

### B. Inadequate Grievance Investigations

Grana's claim that Sergeant Ward, Officer Shelton, and other officials at the Jail violated his right to due process by failing to adequately investigate his grievances must be dismissed for failure to state a claim. In that regard, it is well established that a prison inmate has no constitutionally protected interest "in having grievances resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). To the extent that this claim relies on a "legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Id.*

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

2. Officials at the Harris County Jail shall deduct the full amount of the filing fee for indigent litigants ($350.00) from the inmate trust fund account belonging to Victor A. Grana, also known as Victor A. Giama (SPN #00996844) and forward them to the Clerk of Court in compliance with 28 U.S.C. § 1915(b)(2).

3. The plaintiff's complaint is **DISMISSED** with prejudice as frivolous and malicious and will count as a strike under 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this order to the plaintiff. The Clerk shall also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the Harris County Jail Inmate Trust Fund, Attn: Sergeant Tom Katz, 1200 Baker Street, Houston, Texas, 77002, phone: (713) 755-8436, fax: 713-755-4546; and (2) the Three Strikes List at Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas, on September 27, 2017.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE